Case 7:21-cr-00502-PMH   Document 64   Filed in NYSD on 08/10/2022   Page 1 of 2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

> In light of the information set forth in this letter, the briefing schedule entered by the Court on August 3, 2022 remains in place. The Clerk of Court is respectfully requested to terminate the pending letter-motion (Doc. 64).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>            August 11, 2022

**BY ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Roharil Cruz, et al.*, 21 Cr. 502 (PMH)

Dear Judge Halpern:

    The parties jointly and respectfully submit this letter to inform the Court about the results of the meet and confer Your Honor ordered on August 3, 2022. *See* ECF No. 63. After conferring, the parties continue to disagree whether the Government has a legal basis to prosecute the defendants in light of the Government's lab report that indicates that the tested substance is either para-, ortho-, or meta-fluorofentanyl. Accordingly, the parties believe the existing motion schedule should remain in place.

    The parties agree that para-fluorofentanyl and ortho-fluorofentanyl are Schedule I substances proscribed by the Controlled Substances Act, *see* 21 C.F.R. §§ 1308.11(b)(64) and 1308.11(b)(70), and that meta-fluorofentanyl is not a scheduled substance at this time. The Government believes that whether meta-fluorofentanyl is an analogue of fentanyl under 21 U.S.C. § 841(b)(1)(B)(iv) is an issue of fact for the jury to decide and intends to call expert witnesses at trial who will testify that meta-fluorofentanyl is an analogue of fentanyl because it is chemically and pharmacologically similar to fentanyl. *See United States v. McCray*, 7 F.4th 40, 46 (2d Cir. 2021) (using ordinary meaning of "analogue," which is a "a chemical compound structurally similar to another but differing often by a single element of the same valence and group of the periodic table as the element it replaces," and holding that a substance can be an analogue of fentanyl under Section 841(b)(1)(B)(iv) even if it is not a "controlled substance analogue" under Section 802(32)). The Government is still evaluating potential experts and has not yet produced any expert disclosure materials. The Government will timely produce its expert disclosure materials in accordance with the trial schedule, which has not yet been set.

    Mr. Braverman and Mr. Maher believe that this case should be dismissed, and therefore motion practice is necessary, because meta-fluorofentanyl is not statutorily proscribed as a fentanyl analogue and does not qualify as a fentanyl analogue under 21 U.S.C. § 802(32), 21 U.S.C. § 813, or *United States v. McCray*.

The Honorable Philip M. Halpern     Page 2

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jennifer N. Ong
Assistant United States Attorney
(914) 993-1926

cc:     Samuel Braverman, Esq. (by ECF)
         Sean Maher, Esq. (by ECF)